The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | Case No. 3:14-cv-05837-RBL<br><br>**DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**<br><br>NOTE ON MOTION CALENDAR:<br>November 14, 2014 |

### I. MOTION

Pursuant to Fed. R. Civ. P. 12(e), defendant moves the court for an order requiring plaintiff to amend his complaint and provide a more definite statement of his alleged claim. This motion is supported by the following Points and Authorities.

### II. POINTS AND AUTHORITIES

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A complaint filed in small claims court, using the form provided by the small claims court, does not allow a defendant to reasonably prepare a response when the complaint provides no facts supporting the alleged claim for relief. *See, e.g., Lakefish v. Certegy Payment Recovery Services, Inc.*, 2010 WL 5232975, at * 1 (D. Or. Dec. 16, 2010) (granting

Page 1 - **DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**

2167315

**COSGRAVE VERGEER KESTER LLP**
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

motion to make small claims complaint more definite and certain, following removal to federal court).

Plaintiff filed this case in the Small Claims Department of the Cowlitz County District Court, using the form provided by the Small Claims Department.  (Dkt. 1, Ex. 1). On that form, plaintiff alleges that defendant "owes . . . [p]laintiff the sum of $5000 which became due or owing on 9/23/2014," and the "amount owing is for . . . TCPA WCPA." *Id*.  Nothing else is alleged.

Plaintiff's conclusory allegations provide no facts whatsoever explaining his purported claim for "TCPA WCPA," or defendant's alleged role relating to that claim. Nor do the conclusory allegations explain how plaintiff was damaged (if at all) by defendant's alleged conduct, or how any such damages were calculated.  Accordingly, the complaint is so vague and ambiguous that defendant cannot reasonably prepare a response.  *See Ashcroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)) (discussing federal pleading standards).  The court, therefore, should require plaintiff to provide a more definite statement of his alleged claim.

### III.  CONCLUSION

The court should grant defendant's motion for more definite statement.

DATED: October 28, 2014

COSGRAVE VERGEER KESTER LLP

/s/ Robert E. Sabido
Robert E. Sabido, WSBA No. 29170
rsabido@cosgravelaw.com
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
Telephone: (503) 323-9000
Fax: (503) 323-9019
Attorneys for Defendant

Page 2 - DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

2167315

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2014, I electronically filed the foregoing **DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Timothy Dietz
3501 S 38th Street #Y69
Tacoma, WA 98409
    Plaintiff *Pro Se*

DATED:  October 28, 2014

/s/ Robert E. Sabido
Robert E. Sabido

Page 1 - **CERTIFICATE OF SERVICE**

2167315

**COSGRAVE VERGEER KESTER LLP**
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000